**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SANTITA DELANEY,<br>Petitioner, | :<br>: | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2241 |
| v. | :<br>:<br>: | |
| LOREN GRAYER,<br>Respondent. | :<br>: | CIVIL ACTION NO.<br>1:10-CV-0494-TWT-LTW |

**MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Santita Delaney, currently confined in the Federal Prison Camp in Atlanta, Georgia, challenges the validity of the Federal Bureau of Prisons's policy that only inmates with unusual and extraordinary circumstances be placed in a residential re-entry center for more than six months, in contravention of 18 U.S.C. §§ 3621(b) and 3624(c) (as amended by the Second Chance Act).[1] The matter is before the Court on the petition (Doc. No. 1) and Respondent's answer-response (Doc. No. 4).

## I. Discussion

### A. Background

In February 2004, Petitioner was indicted on one drug count and one firearm count. Indictment, United States v. Delaney, No. 4:04-CR-0041-WAP-1 (N.D. Miss.

[1] The Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008).

Dec. 9, 2005) (hereinafter "Delaney"). Petitioner pleaded guilty to both counts, and received a ninety-month term of imprisonment. Amended Judgment, Delaney. Petitioner's projected release date, based on his earning good conduct time, is April 8, 2011, and his full term release date is March 2, 2012. (Doc. No. 4, Attach. 1 at 4.) Bureau of Prison ("BOP") staff considered Petitioner under the five factors outlined in the Second Chance Act and recommended that Petitioner be allowed 150 to 180 days of Residential Reentry Center ("RRC") placement. (Doc. No. 4, Attach. 1 at unnumbered page 6, and Attach. 3 ¶ 12.) The Community Corrections Office assigned Petitioner 120 days in an RRC (apparently based on the availability of bed space), with a December 8, 2010 reporting date. (Doc. No. 4, Attach. 3 ¶ 13-14.) Gary Wilson, Case Manager, has noted that Petitioner did not present to his unit team "any extraordinary and compelling reentry needs which would warrant a longer placement." (Id. ¶ 15.)

**B. Parties' Arguments**

In his 28 U.S.C. § 2241 petition, Petitioner complains that he has been approved for RRC placement a "mere four months" from his release date. (Doc. No. 1 at 3.) Petitioner complains that the BOP's "criteria" for placement in excess of six months is without statutory authority and BOP policy statement 7310.04, allowing RRC

AO 72A
(Rev.8/82)

placement for more than 180 days in extraordinary circumstances,[2] is outdated. (Id. at 3-4.)[3] The habeas petition is construed to complain that the BOP's requirement of "extraordinary justification" for RRC placement beyond 180 days offends the Second Chance Act. Petitioner asks the Court to strike any policy that prevents him from receiving twelve months in an RRC; to order the BOP to grant twelve months in an RRC, subject only to availability; or to remand to the BOP for a determination that is consistent with the Second Chance Act and to submit the criteria used to deny Petitioner a full twelve months. (Id. at 6.) Respondent answers that Petitioner properly was considered for placement in an RRC and his case is moot. (Doc. No. 4 at 4-8.)

---

[2] See Federal Bureau of Prisons, Program Statement 7310.04 at 8, Community Corrections Center (CCC) Utilization and Transfer Procedure (Dec. 16, 1998), available at http:// www.bop.gov/DataSource/execute/dsPolicyLoc (last visited Oct. 19, 2010) ("placement beyond 180 days [is] highly unusual, and only possible with extraordinary justification").

[3] Petitioner also complains that, during the administrative review process, Warden Grayer and General Counsel never interviewed him or gave him an individual evaluation. (Doc. No. 1 at 3-4.) Petitioner, however, received individual consideration by BOP staff, in accord with the Second Chance Act. (See Doc. No. 4, Attach. 3 ¶ 12); 18 U.S.C. § 3624(c)(6)(B). This issue is not further addressed.

## C. Law and Recommendation

The Second Chance Act amended 18 U.S.C. §§ 3624(c) to provide:

**(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

**(3) Assistance.**--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.

**(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

. . .

**(6) Issuance of regulations.**--The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is–

AO 72A
(Rev.8/82)

> **(A)** conducted in a manner consistent with section 3621(b)[[4]] of this title;
>
> **(B)** determined on an individual basis; and
>
> **(C)** of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c).[5]

---

[4] Under § 3621(b), the BOP may designate that a prisoner be housed in a facility that it determines is appropriate and suitable, considering, among other things, " **(1)** the resources of the facility contemplated; **(2)** the nature and circumstances of the offense; **(3)** the history and characteristics of the prisoner; **(4)** any statement by the court that imposed the sentence . . . and **(5)** any pertinent policy statement issued by the Sentencing Commission . . ." 18 U.S.C. §§ 3621(b)(1)-(5).

[5] Pursuant to § 3624(c)(6), on October 21, 2008, the BOP amended its regulations to provide for placement in an RRC for up to twelve (12) months. See 28 C.F.R. §§ 570.20-570.21; 73 Fed. Reg. 62440-01 (Oct. 21, 2008). Section 570.21 provides:

> (a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.
>
> (c) Exceeding time-frames. These time-frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.

AO 72A
(Rev.8/82)

As discussed below, all of Petitioner's claims for relief fail, and it is recommended that this action be dismissed.

**1. Request to Strike Extraordinary Justification Policy**

Petitioner has asked the Court to strike any policy that prevents him from receiving twelve months in an RRC – this request is construed as a challenge to the standard that RRC placement in excess of 180 days requires an extraordinary justification. (Doc. No. 1. at 6.)

The "extraordinary justification" requirement – "a standard for deciding whether to grant a request for extended placement in an RRC" – is properly added to the analysis of § 3621(b) factors. Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008) (considering the Second Chance Act, and stating, "ordinarily a placement of more than 180 days is not appropriate under § 3621(b). But a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement would be justified."); Hayes v. Grayer, No. 1:09-CV-2501-RWS, 2009 WL 4906864, at *7 (N.D. Ga. Dec. 17, 2009) ("Beyond the five factors listed in § 3621(b)(1)-(5), nothing in the statute limits the BOP's discretion to determine if, or for how long, an inmate must stay in an RRC. . . . [T]his Court holds that the BOP may

---

28 C.F.R. §§ 570.21(a)-(c).

AO 72A
(Rev.8/82)

limit placement in an RRC beyond six months to those inmates with extenuating or exceptional circumstances.”).

The BOP’s standard of “extraordinary justification” still allows consideration of all five factors and does not offend the requirements of the Second Chance Act. Accordingly, Petitioner’s claim that the Court should strike the challenged requirement fails.

**2. Request to Remand for New Determination**

Petitioner has asked the Court to remand to the BOP for a determination that is consistent with the Second Chance Act and that outlines the criteria used to deny Petitioner a full twelve months. (Doc. No. 1 at 6.) Petitioner’s request for a determination consistent with the Second Chance Act is moot, Compagnoni v. United States, 173 F.3d 1369, 1371 (11th Cir. 1999) (“[litigant] has already received that which she requests[;] . . . this matter is moot”), because the BOP already has considered Petitioner in accord with the Second Chance Act – i.e., BOP staff has individually considered Petitioner based on the relevant five factors and has determined that his placement is of a sufficient duration to ensure his reintegration into the community. (See Doc. No. 4, Attach. 1 at unnumbered pages 5-6 and Attach. 3 ¶ 12.) Petitioner’s request that the BOP be required to “submit any criteria used to deny”

him a full twelve months in an RRC is construed as an assertion that "consideration" requires an explicit discussion regarding the application of each factor to Petitioner. Petitioner, however, points to no authority for such a requirement, and "the statute does not require the BOP to provide prisoners with a detailed statutory analysis" in regard to a transfer to an RRC. Miller, 527 F.3d at 758. Accordingly, Petitioner's claim that he is entitled to an additional/new consideration for RRC placement fails.

**3. Request to Order the BOP to Grant Petitioner Twelve Months in an RRC**

To the extent Petitioner challenges his individual placement decision and seeks an order requiring the BOP to grant him twelve months in an RRC, subject only to availability, this Court is without jurisdiction over such a claim. See 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.") The BOP is a federal agency to which the Administrative Procedures Act ("APA" ) applies,[6] and 18 U.S.C. § 3625 precludes judicial review of an individual placement decision by the BOP. 18 U.S.C. § 3625 (dictating that the APA's provisions for judicial review of agency action "do not apply to the making of any determination, decision, or order

[6] Under the APA, habeas corpus, if otherwise appropriate, may be used to challenge BOP action. See 5 U.S.C. § 703.

AO 72A
(Rev.8/82)

under" Title 18's provisions governing imprisonment matters); Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) (stating in § 2241 case that § 3625 precludes judicial review of the BOP's adjudicative decisions, although it does not preclude review of the BOP's rule making decisions). In Cook, the Eleventh Circuit stated, "[e]ven if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. . . . And that decision is not subject to judicial review." Cook, 208 F.3d at 1319.

## II. Conclusion

For all the reasons stated above,

**IT IS RECOMMENDED** that this petition be **DISMISSED**.[7]

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 27th day of October, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

[7] Because Petitioner is a federal prisoner proceeding under § 2241, not § 2255, he is not required to obtain a certificate of appealability before filing this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

AO 72A
(Rev.8/82)